## Frank Henebery et al. v. William L. Johnson.

1. FRAUDULENT CONVEYANCE—*What is Not.*—Where a son having ample property to pay all debts owing by him, made a deed as a conduit to enable his father to place title to the land in his wife, and a creditor had constructive notice of the deed, *held*, that such conveyance was not fraudulent.

**Bill to Set Aside a Fraudulent Conveyance.**—Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the November term, 1900. Reversed and remanded with directions. Opinion filed June 10, 1901.

SPITLER & BURNS, attorneys for appellants.

E. J. MILLER, attorney for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

Appellee, as a judgment and execution creditor of Frank Henebery, one of the appellants, filed in the Circuit Court of Moultrie County on the 24th of February, 1899, his bill in chancery against appellants to obtain a decree setting aside a certain deed made by Frank Henebery to Julia Henebery, another one of the appellants, for eighty acres of land situated in that county; and to subject the same to the payment of his execution.

Appellants having answered the bill, and the same being replied to, the court referred the case to the master in chancery to take evidence and report his findings of the facts and the equities of the case.

The master took the evidence and reported that the facts and equities were in favor of appellee, and recommended the entering of a decree accordingly. Appellants having filed before the master their exceptions to his findings and recommendation, and he having overruled same, they renewed them before the court, where they were again overruled, and a decree was entered in accordance with the recommendation of the master.

Appellants prosecute this appeal and urge a reversal of

the decree upon the alleged grounds that it is not supported by the evidence and is contrary to the equities of the case.

The bill, in effect, sets up that on February 15, 1899, appellee recovered a judgment against Frank and Joe Henebery for $63.35, besides costs, before a justice of the peace of said Moultrie county, upon which an execution issued to a constable of that county, which was by him returned unsatisfied, "no property found," after which, appellee, on February 24, 1899, caused a transcript of the judgment to be filed in the office of the circuit clerk of said county; and he also caused said clerk to issue an execution thereon, on the same day, to the sheriff of said county, and the same is now in such sheriff's hands to execute, the judgment being wholly unpaid and in full force and effect. And the bill, in effect, charges that prior to the rendition of the judgment, but after the indebtedness upon which it was rendered was incurred, said Frank Henebery owned, in fee simple, the north half of the northwest quarter of section 33, in township 15 north, range 4, east of the third P. M., in said Moultrie county; that before the rendition of said judgment Frank Henebery made a pretended conveyance of the above described land to his mother, Julia Henebery, for the pretended consideration of $6,500, which conveyance was not real, but a mere sham, made with the intent of defrauding appellee out of his just demands; that no consideration was paid by the mother for such conveyance, she holding the land in trust for Frank, to prevent a levy thereon and a sale thereof, under the execution now in the hands of the sheriff; that Joe Henebery and Frank Henebery reside in Moultrie county, the former being wholly insolvent and having no property, and the latter owning no other property (except the land above described), upon which said execution could be levied, and out of which the amount due thereon could be made; and that unless appellee be enabled to make the money due him upon said judgment and execution out of the above described land, the same will be wholly lost; and it alleges that appellants Patrick Henebery and E. A. Pyatt, have,

or claim to have, some interest in the land above described, the nature and extent of which appellee is unable to learn.

After making appellants parties defendant thereto, the bill prays that they be required to answer same, but not under oath, and that the aforesaid conveyance may be set aside as against appellee, and the land above described declared to be the property of Frank Henebery, and be subjected to the payment of the execution now in the hands of the sheriff, or another to be issued, in satisfaction of said judgment and costs.

The answer of appellants, while admitting the judgment was recovered as stated in the bill, in effect denies all the other material charges and averments thereof.

The evidence shows that Patrick Henebery was the husband of Julia and the father of Frank Henebery; and that on the 7th day of January, 1897, he was the owner in fee simple of the land above described and other lands in said Moultrie county; that he, together with his wife and son, resided upon the land in question at that time, and continued to reside thereon until they moved to the State of Iowa in the spring of 1899. On the 7th of January, 1899, Patrick Henebery and his wife, Julia, by deed of that date, which was acknowledged and recorded in the recorder's office of said county on January 11, 1897, conveyed all of said lands to Frank, upon the express understanding and agreement that the latter would convey the land in question to Julia as a settlement of that much upon her by her husband; and in pursuance of that agreement, Frank executed and acknowledged on January 7, 1897, a deed conveying the land in question to his mother, which deed was afterward delivered to her, and was duly recorded in the recorder's office of said Moultrie county, on April 24, 1897, and is the deed attacked in this case.

On March 8, 1898, Frank and Joe Henebery gave to one Joe Hagerty their promissory note for $34, due eight months after date, and on March 23, 1898, they also gave to one O. B. Hughes their note of that date for $25.56, due January 1, 1899, both bearing seven per cent interest from

date until paid. Some two or three months after the two notes were given appellee purchased them, and they constitute the indebtedness upon which the judgment in question is based.

At the time Frank Henebery made the deed to his mother, and up to and after the notes upon which judgment was obtained were given, and after the deed in question was recorded, and after said notes were purchased by appellee, he was possessed of ample property to pay not only said notes, but all other debts owing by him, and both of the payees of the notes not only so testified, but further stated that neither of them, when they took the note given to each respectively, relied upon the land in question belonging to Frank Henebery, as they considered him amply responsible, financially, without owning it.

At the time appellee purchased the notes the deed in question had been recorded for some time, and the land conveyed was in possession of Julia Henebery, who had not by word or act led appellee to believe that the same belonged to Frank and not to her.

Appellee, therefore, failed in his proofs to show that the land in question was conveyed to Julia by Frank for the purpose of hindering, delaying and preventing appellee from collecting the money due him on the indebtedness for which his judgment was rendered; and inasmuch as the evidence does show that Frank Henebery only obtained title to the land in question as a conduit to enable his father to place the title thereof in his wife, which was fully accomplished before appellee purchased the notes, and he (appellee) having at least constructive notice of the deed which he attacks, when he so purchased (for it had before that been recorded), we are forced to the conclusion that the evidence fails to support the findings and recommendation of the master, so that the Circuit Court committed prejudicial error against appellants when it overruled their exceptions thereto, as also when it entered the decree against them, which is not supported by the evidence and is against the equities of the case; for which reasons we

will reverse the decree and remand the case to the Circuit Court of Moultrie County, with directions to sustain the exceptions of appellants to the report of the master, and to enter a decree dismissing the bill for want of equity, with costs to appellee.

Reversed and remanded with directions.